UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRALE D. WAY,<br><br>        Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>        Respondent. | No. 2:22-cv-01351-EFB (HC)<br><br><br><br>ORDER |

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted. To proceed further, however, petitioner must file an amended petition.

      Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and will dismiss the petition with leave to amend because it violates Rule 2 of the Rules Governing § 2254 Cases.

      An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2(c), Rules Governing § 2254 Cases.

1   While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  Here, petitioner's only ground for relief is a purported Sixth Amendment violation.  The only explanation he offers for this claim is that he "was arrested on Oct. 31st 2015 for 18 counts of felony crimes most serious is kidnap."  ECF No. 1 at 4.  The court cannot determine from petitioner's statement the nature of his Sixth Amendment claim or the relief he seeks in this action.  Thus, petitioner must file an amended petition that complies with Rule 2(c).  Specifically, any amended petition must (1) specify all grounds for relief, (2) state the facts supporting each ground, (3) and state the relief requested.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is granted.
2. The petition (ECF No. 1) is dismissed with leave to file an amended petition within 30 days of the date of this order.  Failure to so comply may result in a recommendation that this action be dismissed for the reasons stated herein.

Dated: November 28, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE